# EXHIBIT B

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
11/20/2025
CT Log Number 550693400

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores Texas, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DE LEON MONICA GISSEL MONSIVAIS // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return(s), Original Petition |
| **COURT/AGENCY:** | Harris County - District Court, TX<br>Case # 202585320 |
| **NATURE OF ACTION:** | Personal Injury - 04/10/2024, 1107 Shaver St., Pasadena, Texas 77506 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 11/20/2025 postmarked on 11/12/2025 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service<br>(Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Kristin Mcclendon Suniga<br>Law Offices of Marcos & Associates, P.C.<br>10700 North Freeway, 3rd Floor<br>Houston, TX 77037<br>713-528-7711 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/21/2025, Expected Purge Date: 11/26/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SERVICE PROVIDERS
2021 SPENWICK #518
HOUSTON, TEXAS 77055

9589 0710 5270 2889 0848 19

Retail

UNITED STATES POSTAL SERVICE

U.S. POSTAGE PAID
FCM LETTER
HOUSTON, TX 77055
NOV 12, 2025

75201

RDC 99

$10.77

S2323Y500363-25

Walmart Stores Texas LLC thru
agent CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Receipt Number: 1091308
Tracking Number: 74571308

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202585320

| | |
|---|---|
| PLAINTIFF: DE LEON, MONICA GISSEL MONSIVAIS | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: WALMART STORES TEXAS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WALMART STORES TEXAS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED WITH SERVICE OF PROCESS BY SERVING ITS REGISTERED AGENT | C T CORPORATION SYSTEM OR ANY OTHER OFFICER DIRECTOR OR REGISTERED AGENT
1999 BRYAN STREET | SUITE 900
DALLAS TX 75201 - 3136
OR ANY OTHER ADDRESS DEFENDANT MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on November 7, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 10, 2025.

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: PATRICIA JONES

Issued at request of:
SUNIGA, KRISTIN MCCLENDON
10700 NORTH FREEWAY, 3RD FLOOR
HOUSTON, TX 77037
713-528-7711
Bar Number: 24073615

Tracking Number: 74571308
EML

CAUSE NUMBER: 202585320

| | |
|---|---|
| PLAINTIFF: DE LEON, MONICA GISSEL MONSIVAIS | In the 190th |
| vs. | Judicial District Court |
| DEFENDANT: WALMART STORES TEXAS LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _______o'clock _____. M., on the ________ day of ______________________________________, 20_______.

Executed at (address) ________________________________________________
in _______________ County
at _______ o'clock _____. M., on the ________ day of ____________________________________________________, 20 ___.___,

by delivering to ____________________________________________ defendant, in person, a true copy of this
Citation together with the accompanying _______ copy(ies) of the ________________________________ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _________ day of ______________________________________, 20 _______.

FEE: $ ______________ ________________________________________

________________ of ________________

County, Texas

________________________________ By: ________________________________
Affiant Deputy

On this day, ______________________________________________________, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this __________ of __________________________________, 20 ______

11/7/2025 4:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 10782216
By: Patricia Jones
Filed: 11/7/2025 4:32 PM

2025-85320 / Court: 190

**CAUSE NO. ______________**

| | | |
|---|---|---|
| **MONICA GISSEL MONSIVAIS DE LEON** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | ______ **JUDICIAL DISTRICT** |
| | § | |
| **WALMART STORES TEXAS, LLC** *Defendant.* | § | **OF HARRIS COUNTY, TEXAS** |

Unofficial Copy Office of Marilyn Burgess District Clerk

## PLAINTIFF'S ORIGINAL PETITION

**NOW COMES,** MONICA GISSEL MONSIVAIS DE LEON herein ("Plaintiff") complaining of and about WALMART STORES TEXAS, LLC (hereinafter referred to as "Defendant"), and for cause of action would respectfully show the Court that:

## DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190.

## PARTIES AND SERVICE

2. Plaintiff, MONICA GISSEL MONSIVAIS DE LEON, is an individual who resides in Harris County, Texas.

3. Defendant, WALMART STORES TEXAS, LLC is a foreign limited liability company. Service may be made upon this Defendant by serving its registered agent, C T Corporation System, or any other officer, director or registered agent at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or any other address Defendant may be found. Service of said Defendant as described above can be effected by personal delivery. *The applicable fee has been tendered to the Harris County District Clerk and service of process and citation is requested at this time.*

## MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

5. The claims asserted arise under the laws of Texas. This Court has jurisdiction because the parties are residents of the State of Texas and the amounts in controversy are within the Court's jurisdiction. Venue is proper because all or a substantial part of the actions and omissions that form the basis of this lawsuit occurred in Harris County, Texas.

## FACTS

6. Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff in an incident in Harris County, Texas. Said incident was proximately caused by the negligence of Defendant.

7. On or about April 10, 2024, Plaintiff was a patron at Defendant's store located at 1107 Shaver St., Pasadena, Texas 77506. Plaintiff was entering and walking to get a shopping cart when she fell as a result of a liquid on the floor. This liquid created a hazardous condition in the store. At the time of the incident, Plaintiff was carrying her child's car seat and was unaware of the hazardous condition on the floor. No warning signs or barriers were in place to alert customers of the danger.

8. Defendant was aware or should have been aware of the hazardous condition but failed to warn and/or remedy the condition. Plaintiff fell and was injured as a result of the fall. The injuries suffered by Plaintiff occurred as a direct and proximate result of Defendant's negligence. Plaintiff

Unofficial Copy Office of Marilyn Burgess District Clerk

suffered and continues to suffer personal injuries and incur medical expenses.

9. Plaintiff did nothing that caused the incident or her injuries.

**CAUSES OF ACTION AGAINST DEFENDANT**

**A. PREMISES LIABILITY**

10. At all times material to this lawsuit, Defendant owned, operated, managed, and controlled the premises, which includes all buildings, grounds and pools therein, including where the subject incident occurred. Plaintiff was an invitee on the premises in question. Defendant knew, or in the exercise of ordinary care, should have known an unreasonably dangerous condition existed which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn Plaintiff of the condition. Furthermore, Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

11. At the time and on the occasion in question:

A. A condition existed on Defendant's premises that posed an unreasonable risk of harm to a person, such as Plaintiff, present on the premises;

B. Defendant knew, or should have known in the exercise of ordinary care, that the condition of the premises posed an unreasonable risk of harm;

C. Defendant should have anticipated that a person, such as Plaintiff, on the premises would not discover the danger or would fail to protect themselves against it;

D. Defendant was negligent in that Defendant created the condition, knew about the condition, and negligently failed to correct it or should have known about the condition; and,

E. The condition of Defendant's premises caused Plaintiff's injuries and damages.

12. As an invitee, Defendant owed a duty to Plaintiff to inspect and make the said condition safe, or at least warn Plaintiff of the existence of the unreasonably dangerous condition prior to the subject incident. Defendant failed to satisfy its legal duty to Plaintiff in both respects. Defendant is, therefore, liable for the unreasonably dangerous condition under a premises liability

Unofficial Copy Office of Marilyn Burgess District Clerk

theory.

13. The above-stated conduct is not an exhaustive list of Defendant's various acts and/or omissions. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

14. Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

**B. NEGLIGENCE**

15. Defendant owed a legal duty to Plaintiff. Specifically, Defendant, acting through its agents, servants, and/or employees were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question, including but not limited to:

A. Failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;
B. Failing to correct the unreasonably dangerous condition in question;
C. Failing to warn invitees, including the Plaintiff, of the dangerous conditions of the premises in question;
D. Failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the condition in question;
E. Failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe; and
F. Failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe.

**C. NEGLIGENT MAINTENANCE AND FAILURE TO WARN OR REPAIR**

16. Defendant had a duty to properly inspect and maintain its premises, including the entrance and shopping cart area, to ensure that it was safe for invitees such as Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

17. Defendant breached this duty by failing to adequately inspect, clean, or maintain the area where Plaintiff slipped, despite knowing or having reason to know that it was prone to becoming wet and hazardous.

18. Additionally, Defendant failed to adequately warn customers of the hazardous condition or take reasonable steps to repair or correct the condition before it caused injury.

19. Defendant's negligent maintenance, failure to warn, and failure to repair the hazardous condition were proximate causes of Plaintiff's injuries and damages.

**DAMAGES FOR PLAINTIFF**

20. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00. Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount of damages the Plaintiff is seeking at this time and reserve their right to supplement in accordance with the Texas Rules of Civil Procedure.

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

Unofficial Copy Office of Marilyn Burgess District Clerk

I. Loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K. Loss of household services in the past;

L. Loss of household services in the future;

M. Disfigurement in the past;

N. Disfigurement in the future;

O. Mental anguish in the past;

P. Mental anguish in the future;

Q. Fear of future disease or condition; and

R. Cost of medical monitoring and prevention in the future.

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXEMPLARY DAMAGES**

21. Defendant's acts or omissions described above, when viewed from the standpoint of said Defendant, at the time of the incident, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded to them from Defendant.

**JURY DEMAND**

22. Plaintiff hereby demands a trial by jury.

**REQUIRED DISCLOSURES**

23. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests you disclose, within 30 days of service of this request, the information or materials described in Texas Rules of Civil Procedure 194.2(a)-(1).

**RULE 193.7 NOTICE**

24. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

**DESIGNATION OF ADDRESS FOR ELECTRONIC SERVICE**

25. Pursuant to Texas Rules of Civil Procedure 21a(a)(2) and 57, Plaintiff hereby designates the following email address for electronic service: e-service_kristin@marcoslaw.com.

**PRAYER**

Plaintiff, prays that this citation is issued and served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

**[Signature on the next page.]**

Respectfully submitted,

**LAW OFFICES OF MARCOS & ASSOCIATES, P.C.**

By: ______________________________

**Kristin Suniga**
Texas Bar No. 24073615
10700 North Freeway, 8th Floor
Houston, TX 77037
**Telephone:** (713) 528-7711
**Facsimile:** (713) 528-7710
**E-service:** e-service_kristin@marcoslaw.com
**ATTORNEY FOR PLAINTIFF, MONICA GISSEL MONSIVAIS DE LEON**

Unofficial Copy Office of Marilyn Burgess District Clerk